## 17499.   RAWLS *v.* HEATH.

This being a suit upon a note, and it appearing that the payment made by the defendant and accepted by the plaintiff, which the defendant pleaded as an accord and satisfaction of the plaintiff's claim, was not, under the terms of the contract, tendered and paid in full satisfaction of the plaintiff's claim, and it further appearing that the alleged agreement, under which the defendant through his attorney paid to the plaintiff's attorney an amount less than the plaintiff's claim, was entered into between the attorneys themselves, and it not appearing that the attorney for the plaintiff had authority from his client to settle his client's claim for less than the amount claimed, or that the plaintiff had ratified any act of her attorney, if there was any, agreeing to accept the amount paid to him in full settlement of her claim, the verdict for the defendant, sustaining the plea of accord and satisfaction, was without evidence to support it.

DECIDED FEBRUARY 10, 1927.

Complaint; from Laurens superior court—Judge Camp.  May 6, 1926.

Mrs. M. E. Rawls sued D. M. Heath upon a promissory note for one thousand dollars and interest and fifteen per cent. for attorney's fees as contracted for in the note, less credits for sums admitted to have been paid.  The defendant pleaded payment of $80

Attorney and Client, 6 C. J. p. 662, n. 58.

in addition to the payments admitted by the plaintiff and credited upon the note, and admitted the plaintiff's right to recover the attorney's fees sued for except as this right of the plaintiff may have been satisfied by an alleged agreement of accord and satisfaction between the parties, made after the filing of the suit. The defendant pleaded that, after the institution of the pending suit upon the note, the plaintiff, in the exercise of a power of sale contained in the defendant's deed to certain land to secure the payment of the note, undertook to advertise and sell the land; that the defendant sought to enjoin the sale, on the ground that he did not owe the full amount claimed by the plaintiff, that at the interlocutory hearing of the petition for injunction a full settlement of the indebtedness sued for in the present suit and a full settlement of the injunction proceedings were made by virtue of an agreement between counsel, by which the defendant, the plaintiff in the injunction suit, paid to counsel for the plaintiff, who was the defendant in the injunction suit, the full amount admitted by the defendant to be due to the plaintiff, which was less than the indebtedness claimed in the present action.

On the trial of the case there was introduced in evidence the petition for injunction and the answer thereto. In the petition for injunction the present defendant admitted an indebtedness to the present plaintiff in the entire amount here claimed and sued for, less an alleged credit of $80 and the amount sued for as attorney's fees, and alleged that the amount due had been tendered to the respondent, the present plaintiff. The present plaintiff did not, in the answer filed by her as the respondent in the injunction proceeding, concede the correctness of the then plaintiff's claim of a credit of $80 upon the indebtedness and nonliability for attorney's fees, but did express her willingness to accept the amount admitted by the then plaintiff as due and as having been tendered, and to withdraw the property from sale.

Heath, the defendant, testified that he "paid to the plaintiff $1,179, which was the amount of the principal and interest" which he admitted to be due, that this did not include the $80 in dispute or the attorney's fees, that when he paid this amount he "was settling the entire debt with the plaintiff," that he gave a postdated check for $900 on June 4 and the balance about September 1, that he "did not claim to have any agreement with any one

representing Mrs. Rawls other than is shown in the pleadings in the injunction suit."

S. P. New, the attorney for the defendant, testified that he represented the defendant as the petitioner in the injunction suit, that he and the defendant came into court in response to the order issued in the injunction suit and "made that payment as a settlement of the debt and both suits except costs," that "at that time he was making a final and complete settlement between the two litigants," that he said to Mr. Crockett, who was attorney for the respondent therein, "Now there are some attorney fees claimed and this settles them," that Mr. Crockett replied, "I am accepting your tender in the suit." Mr. Crockett testified: "There was no agreement made with any one respecting a settlement of this suit on trial and no settlement of this suit was made;" "Mr. New did inquire as to the attorney fees and I replied that I was accepting his tender made in the suit." It does not appear anywhere that Mr. Crockett, the attorney for the present plaintiff, the respondent in the injunction suit, had authority to accept less than the full amount in settlement of his client's claim, nor does it appear that his client ratified any such agreement if such an agreement was made.

The verdict was for the defendant, and the plaintiff moved for a new trial upon the general grounds only.

*C. C. Crockett,* for plaintiff. *Hightower & New,* for defendant.

STEPHENS, J. (After stating the foregoing facts.) It seems that from the testimony of Mr. Heath, the defendant, and Mr. New, his attorney, the inference is demanded that the transaction as respects the payment did not take place between the plaintiff and the defendant personally, but took place between Mr. New and Mr. Crockett as attorneys for the respective parties. The inference is also demanded that Mr. New's statement in his testimony, that at the time he made the payment he settled both suits and "was making a final and complete settlement," is merely his conclusion as to the effect of the transaction. Mr. New testified, and it is undisputed, that when he was making the payment he expressly stated to Mr. Crockett that this payment settled the attorney's fees, and Mr. Crockett replied, "I am accepting your tender in the suit." This necessarily referred to the tender as contained in the petition for injunction. This statement of Mr.

Crockett is necessarily part of the transaction between the attorneys.

It appears that the money was not accepted on the terms of the tender of Mr. New, unless the tender in the petition for injunction was the same as the tender made by Mr. New. Nowhere in the petition for injunction does it appear that the plaintiff therein made any tender in full settlement of the present plaintiff's claim. The only tender alleged in the petition, and therefore the only tender accepted by Mr. Crockett for his client, was a mere recital by the present defendant in the petition for injunction of a tender of the amount which he admitted he owed the present plaintiff, the then respondent, without any suggestion that such tender was made in full settlement of the claim. The allegations in the petition for injunction with reference to tender are as follows: "Petitioner . . has also tendered to the defendant all that she demands in said suit, or the advertisement hereinafter referred to, except the attorney fees and one payment of $80 on April 1, 1920, which payment defendant made to her as alleged in his plea hereto attached. Petitioner . . with these two exceptions . . has tendered to defendant all that she demands, which tender was refused, and defendant does herein again tender to defendant all that she demands in said suit, or in the advertisement hereinafter referred to and offers to tender the same in lawful tender in open court. . . Notwithstanding said issues are pending and the plaintiff therein elected her remedy and refused a lawful tender of all the petitioner is due her, she advertised said property. . . Petitioner having tendered defendant all that he owes her, and now tenders. the same in open court . ." Thus it appears that the amount tendered was less than the amount claimed by the present plaintiff by $80 and the attorney's fees.

The statement made by Mr. Crockett to Mr. New, when Mr. Crockett accepted the money paid by Mr. New, amounted to a refusal by Mr. Crockett to accept the money in accordance with the terms of Mr. New's tender. It follows that although the money was tendered in full settlement by Mr. New, it was not accepted in full settlement by Mr. Crockett. There was therefore no meeting of the minds and no agreement in the nature of an accord and satisfaction. The money, having been actually paid by Mr. New to Mr. Crockett, must necessarily be treated as a payment on ac-

count. Had Mr. Crockett received the money from Mr. New in silence, or without expressly indicating that he was accepting the money upon different terms than the terms of Mr. New's tender, there might have arisen an implied acquiescence by Mr. Crockett to Mr. New's terms, and therefore an acceptance of those terms, thus creating an agreement in the nature of an accord and satisfaction.

We are therefore of the opinion that the verdict for the defendant, which necessarily finds that the payment made was in full settlement of the entire claim of the plaintiff, was without evidence to support it.

Furthermore, it does not appear that Mr. Crockett had any authority from his client to receive the money paid, which was less than his client's claim, in full settlement of his client's demand; and if the evidence could be construed as warranting the inference that there was an agreement between counsel to the effect that the payment was made in full settlement of the plaintiff's demand, and that Mr. Crockett received the money in full settlement of his client's demand, it does not appear that his client received the money with knowledge of any such agreement, or that she otherwise ratified any such act. Without special authority an attorney can not enter into an agreement binding his client to receive anything less than the full amount of his client's claim in full settlement thereof. Civil Code (1910), § 4956. *Kaiser* v. *Hancock,* 106 *Ga.* 217 (32 S. E. 123). For this reason also the verdict for the defendant is without evidence to support it.

It appears from the pleadings that, but for the alleged agreement of accord and satisfaction, which as we have held is not sustained by the evidence, the plaintiff is entitled to attorney's fees. There is no evidence in support of the defendant's plea of payment of $80 over and above the sums credited as payments by the plaintiff.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*