## 54789. SYLVAN PROPERTY MANAGEMENT, INC. et al. v. GARNER et al.

BIRDSONG, Judge.

The facts of the case are as follows: Appellees contracted with appellant Henry C. Haley, or his assignee, to sell eight tracts of land. Prior to closing, Haley assigned the contracts as to seven parcels (including tract 3) to Sylvan Property Management, Inc. (Sylvan); Sylvan purchased and executed a security deed on tract 3 for $135,978.15 to appellees. The warranty deed from Sylvan to McWhorter conveying tract 3 was dated December 5, 1973; however, the deed was not recorded until April 4, 1974. Included in the warranty deed conveying tract 3, as in all the other warranty deeds to the remaining tracts, was the following language: "This property is conveyed subject to a Loan Deed from Sylvan Property Management, Inc. to Martha S. Garner, Margie S. Davis, Ruby S. Shepperd, Janice S. Thompson and Judy S. Moody, dated December 5, 1973, recorded in Deed Book 246, page 223, Douglas County Records, *which the grantee herein assumes and agrees to pay.*" (Emphasis supplied.) Finally, also on December 5, 1973, Sylvan conveyed tract 3 to McWhorter, Ltd. (McWhorter).

Appellants failed to make the annual payment of interest due December 5, 1975, and the note on tract 3, which is the subject of this lawsuit, became in default. All notices required under the contract and relating to attorney fees were given. On December 16, 1975, appellant Haley delivered to one of the appellees, Judy Moody, a number of checks which represented interest payments on seven tracts of land, excluding tract 3, as well as a quitclaim deed in which appellant McWhorter attempted to reconvey tract 3 to the appellees. On January 21, 1976, appellees filed a suit against appellants to collect the amount past due on tract 3.

Appellants in their answer contend (a) that an accord and satisfaction resulted from the reconveyance of tract 3 by McWhorter to appellees, and (b) that the assumption clause in the warranty deed from Sylvan to McWhorter was a mutual mistake of fact. All parties filed a motion for

summary judgment with the trial court and the court granted appellees' motion. Appellants argue in their enumeration of error that the trial court erred in granting summary judgment for the appellees; that the trial court should have granted summary judgment for appellants. *Held:*

1. Appellants contend that there was sufficient evidence of an accord and satisfaction to create an issue of fact. In order for there to be an accord and satisfaction, there must be a meeting of the minds. Accord and satisfaction is itself a contract. *Pa. Threshermen &c. Co. v. Hill,* 113 Ga. App. 283, 293 (148 SE2d 83). The testimony of appellant Henry Haley negates any possibility of an accord and satisfaction. Haley testified that he did not know whether Mrs. Judy S. Moody, with whom he had left the quitclaim deed, could answer for all the appellees, that it was unknown to him as to what conditions Mrs. Moody was taking the deed under (i.e., the quitclaim deed on tract 3) and further that he assumed that Mrs. Moody was unable to "speak" for all the appellees. Mrs. Moody testified that appellant Haley wanted the appellees to waive payment on the indebtedness and all of the appellees refused to do so.

Appellants insist that the attorney representing the appellees at the time of the purported accord and satisfaction had the authority to accept the quitclaim deed on behalf of the appellees thereby satisfying the debt due appellees by appellants. In fact, the attorney representing the appellees testified positively that he had no authority to act for the appellees in accepting the quitclaim deed. There being no evidence that the attorney for appellees had the authority to act on the purported accord and satisfaction, this contention of the appellants must fail. *Rawls v. Heath,* 36 Ga. App. 372 (136 SE 822); *Staples v. Growers Fin. Corp.,* 44 Ga. App. 451 (1) (161 SE 675). The defense of accord and satisfaction is without merit.

2. Appellants next contend that the warranty deed from Sylvan to McWhorter should be reformed or corrected because the above-described assumption clause contained in the deed from Sylvan to McWhorter was a mutual mistake of fact. The warranty deed from Sylvan to

McWhorter, which contained the assumption clause, was conveyed without consideration, as evidenced by the testimony of Henry C. Haley, thereby rendering McWhorter a mere volunteer. Volunteers, as defined by *Mitchell v. Mitchell,* 40 Ga. 11, are persons who receive a voluntary conveyance. Black's Law Dictionary defines a "volunteer," as relates to conveyances, as follows: "One who holds a title under a voluntary conveyance, i.e., one made without consideration, good or valuable, to support it."

Code Ann. § 37-217 provides: "Equity will not interfere to relieve against accidents or mistakes of mere volunteers; but if the contract is actually executed, all the rights growing out of it against or in favor of anybody will be enforced." As a general rule, equity will not decree the reformation of an instrument at the instance of one who is a mere volunteer, and who was not a party to the instrument. *Gould v. Glass,* 120 Ga. 50, 51 (5) (47 SE 505).

3. The Supreme Court of Georgia in *Brice v. National Bondholders Corp.,* 187 Ga. 511, 518 (1 SE2d 426), citing Clark v. Nelson, 216 Ala. 199 (112 S 819), states: "Regardless of the basis of the rule that where a debtor has conveyed his property to another and as part of the transaction the purchaser has agreed to assume and pay the debts of the vendor a creditor of the latter has a remedy in equity, we find the great weight of authority to the effect that the covenant of assumption may, by consent of the vendor and vendee, be rescinded without the consent of the third person for whose benefit it was made, and that such rescission will cancel all his rights and benefits thereunder, *provided the same be done before acceptance or action thereon by the beneficiary.*" (Emphasis supplied.) The record shows that no attempt was made to correct the alleged mistake of fact until after the suit was filed January 21, 1976; the corrective deed was executed on February 17, 1976. Accordingly, the grant of summary judgment in favor of appellees was not error.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED NOVEMBER 2, 1977 — DECIDED JANUARY 18, 1978 — REHEARING DENIED FEBRUARY 8, 1978 —

Kilpatrick, Cody, Rogers, McClatchey & Regenstein, George B. Haley, for appellants.

Hartley & Reid, G. Michael Hartley, Walter P. Rowe, for appellees.