Douglas Leroy BROWN, Plaintiff,

v.

David G. NOE, Defendant.

No. 1:88–CV–920–RHH.

United States District Court,
N.D. Georgia,
Atlanta Division.

April 17, 1989.

Douglas Leroy Brown, Mt. Vernon, Ga., pro se.

Nina Loree Hunt, U.S. Atty's. Office, Atlanta, Ga., Gary H. Brakefield, Clarence R. Johnson, Jr., Glaze Fincher & Bray, Jonesboro, Ga., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

On May 10, 1988, this court entered an order permitting *pro se* plaintiff, Douglas Brown, to proceed with this section 1983 action against defendant David Noe. Plaintiff is currently incarcerated in the Georgia prison system, serving a sentence for trafficking in cocaine. Plaintiff claims that defendant used excessive force in arresting him at the Atlanta Hartsfield Airport. Defendant now moves for summary judgment. For the reasons stated below, the court GRANTS defendant's motion for summary judgment.

*FACTS*

Douglas Brown is a *pro se* plaintiff in this action. Mr. Brown was arrested on February 19, 1987 at Atlanta's Hartsfield Airport and charged with trafficking in cocaine and obstruction of an officer. Brown was tried and found guilty of the cocaine trafficking offense in Clayton County, Georgia. He is currently serving his sentence at the Montgomery Correctional Institute in Mount Vernon, Georgia.

Defendant David Noe is an agent with the Atlanta Hartsfield Drug Task Force. Defendant Noe was one of two agents who arrested plaintiff on February 19, 1987. Plaintiff claims that defendant Noe used excessive force when he arrested plaintiff on February 19, 1987.

On the day he was arrested, plaintiff was traveling from Miami, Florida to Cleveland,

Ohio. Plaintiff made a plane change at Atlanta's Hartsfield Airport. At Hartsfield, Agent Noe and Agent Lalumiere first observed plaintiff as he walked past the Delta Airlines agents meeting the flight from Florida. Apparently, Noe and Lalumiere approached Brown and asked if they could speak with him. Noe and Lalumiere allegedly identified themselves as drug enforcement officers to Brown and asked if Brown would let them search a tote bag he was carrying. Brown then asked the officers if they had a search warrant. Brown stated he wanted to talk to his attorneys and the agents pointed out a row of pay phones in the concourse.

At this point, the parties dispute what happened. Brown claims that he tried unsuccessfully to make a phone call to his attorney. Brown claims that Agent Noe then asked to look in his bag a second time. When Brown was handing him the bag, Noe allegedly snatched it from him. Brown states that he was annoyed when Noe seized the bag and so he snatched it back. Brown claims that Noe then shoved Brown and, as a result, Brown struck his head on a nearby seat.

Brown maintains that next to the seat where he struck his head was a package of cocaine. Brown denies that the cocaine was ever in his possession.

Brown asserts that the blow to his head when he hit the chair caused him to rupture his eardrum. During his term in prison, Brown has received a variety of treatments for ear pain. He was admitted to Humana Hospital in Augusta, Georgia on March 14, 1988 for a left mastoidectomy. Brown now seeks to recover from Noe for the damage to his ear which Brown asserts was a direct result of Noe's use of excessive force.

Defendant Noe denies ever shoving Brown in the manner described. Defendant, however, claims that even if the court accepts Brown's version of the facts for the purposes of this motion, defendant is entitled to summary judgment as a matter of law.

## DISCUSSION

This court will grant summary judgment when "the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56.

Defendant, as the party seeking summary judgment, bears the "exacting burden" of demonstrating that there is no genuine dispute as to any material fact in the case. *American Viking Contractors v. Scribner Equipment Co.,* 745 F.2d 1365 (11th Cir. 1984).

■ While defendant carries the burden of convincing the court that no genuine issue of material fact exists, he need not entirely negate the plaintiff's claims. Rather, defendant may obtain summary judgment by citing the plaintiff's (non-moving party's) failure to make a showing sufficient to create a genuine issue on an essential element of the case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).[1]

Defendant argues that plaintiff's claim does not raise an issue of constitutional magnitude. "Without disputing plaintiff's description of events in his deposition and his description of the amount of force used by defendant Noe in making the arrest, a claim of constitutional proportions is not stated here." Defendant's Motion for Summary Judgment, p. 2. Defendant also maintains that even if plaintiff makes out a constitutional claim, defendant is entitled to qualified immunity.

First, defendant points out that plaintiff's excessive force claim must be premised on either a substantive due process theory or a Fourth Amendment theory. Defendant contends that the plaintiff fails

---

**1.** Plaintiff has failed to respond to defendant's motion for summary judgment. Ordinarily, a party's failure to respond to a motion should be read by the court as lack of opposition to the motion. N.D.Ga. Local Rule 220–1(b). Because plaintiff is *pro se* the court construes his failure to respond as an oversight and looks to his complaint and deposition to determine whether plaintiff can withstand a motion for summary judgment.

to allege facts sufficient to make out a substantive due process claim and is precluded from relitigation of the Fourth Amendment claim.

### A. *Substantive Due Process Claim*

■ Plaintiff's excessive force claim could be anchored on substantive due process grounds. However, to make out a substantive due process claim, plaintiff would have to demonstrate that defendant's conduct was so egregious as to shock the conscience and offend even hardened sensibilities. *Rochin v. California*, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952), *Gilmere v. City of Atlanta*, 774 F.2d 1495, 1500 (11th Cir.1985) (en banc), *cert. denied*, 476 U.S. 1115, 106 S.Ct. 1970, 90 L.Ed.2d 654 (1986).

■ In the case at hand, plaintiff has not alleged facts which, if true, would constitute excessive force sufficient to make out a substantive due process claim. The worst scenario painted by plaintiff is one in which defendant Noe pushed plaintiff in an attempt to seize plaintiff's tote bag. As Judge Friendly said in *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.1973), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed. 2d 324 (1973):

> Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of the injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

This court accordingly finds that plaintiff has not made out a claim for a substantive due process violation.

### B. *Fourth Amendment Claim and Res Judicata*

■ Defendant argues that plaintiff's conviction of trafficking in cocaine precludes relitigation of the issue of whether the arrest was unreasonable. State court judgments are entitled to both issue and claim preclusive effect in subsequent actions brought pursuant to 42 U.S.C. § 1983. *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (issue preclusion), *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984) (claim preclusion).[2] This court is bound to give the same preclusive effect to a judgment by a Georgia court that the judgment would be given in the Georgia courts. *Collins v. Walden*, 613 F.Supp. 1306, 1316 (N.D.Ga. 1985) (Forrester, J), *aff'd*, 784 F.2d 402 (11th Cir.1986). Thus, if Georgia courts would preclude plaintiff from bringing this action against defendant Noe, this court must similarly preclude plaintiff from raising the claim in the federal forum.

■ In Georgia, a judgment on the merits of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue, in the cause wherein the judgment was rendered. O.C.G.A. §§ 9–12–40, 9–12–42, *Transamerica Insurance Co. v. Thrift-Mart, Inc.*, 159 Ga.App. 874, 285 S.E.2d 566 (1981).

Here, defendant has not alleged that plaintiff has already litigated or should have already litigated his excessive force claim in state court. Rather, defendant merely states summarily that state judgments are entitled to full faith and credit in the federal courts. Without more, this

---

**2.** Res judicata generally includes two concepts: Issue preclusion and claim preclusion. Issue preclusion refers to the effect of a judgment in foreclosing litigation of a matter that has been litigated and decided on the merits. This effect is otherwise known as collateral estoppel. Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated because of a determination that it should have been advanced in an earlier suit. Thus, claim preclusion encompasses the law of merger and bar. *Migra v. Warren City School Dist. Bd. of Ed.*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984) *cited in Gjellum v. City of Birmingham*, 829 F.2d 1056 (11th Cir.1987).

court cannot conclude plaintiff is now necessarily barred from bringing this current civil rights claim. Defendant, as the party moving for summary judgment is required to present this court with some evidence that plaintiff has already had a full and fair opportunity to litigate his excessive force claim in the prior state proceedings. *Southern Jam, Inc. v. Robinson*, 675 F.2d 94, 97 (5th Cir.1982).

However, even if this court assumes that plaintiff is not barred from litigating the excessive force claim at this juncture, plaintiff civil rights claim must fail. Defendant is protected by the doctrine of qualified immunity.

### C. *Qualified Immunity*

■ Government officials have a qualified immunity from liability for actions taken while acting in the scope of their discretionary duties and responsibilities. *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975).

> (G)overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known ...

*Clark v. Evans*, 840 F.2d 876, 879 (11th Cir.1988), citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed. 2d 396 (1982).

■ To determine whether a defendant is entitled to qualified immunity, the court must decide whether a reasonable officer could have believed his actions to be lawful. *Clark*, 840 F.2d at 881. The court must make this determination in the context of the facts of the specific case. Accepting plaintiff's version of the facts as true, the court still finds that defendant Noe's pushing plaintiff was reasonable in the context of the arrest. Plaintiff acknowledges that he snatched the bag back from Noe, and that, as a result, Noe pushed plaintiff. The scuffle described cannot be said to constitute an unreasonable and unlawful exertion of force by defendant.

### CONCLUSION

The court finds that the facts as alleged by plaintiff do not create a genuine issue of material fact for trial. As a matter of law, plaintiff has not made out a claim for a violation of substantive due process. Furthermore, even if plaintiff were entitled to litigate an excessive force claim in this forum, defendant is entitled to qualified immunity against such a claim. Accordingly, the court GRANTS defendant's motion for summary judgment. This order terminates this action.

So ORDERED.