Constance A. HAMALAINEN, Plaintiff,

v.

**MISTER GROCER
CORPORATION, Defendant.**

No. 88–8182–CIV.

United States District Court,
S.D. Florida.

Feb. 14, 1990.

I. Jeffrey Pheterson, Boca Raton, Fla.,
for plaintiff.

Charles S. Calkins, for defendant.

## ORDER

PAINE, District Judge.

This matter comes before the court upon the Defendant's Motion for Summary Judgment (DE 11). Having reviewed the facts of this case and the relevant authority, the court enters the following order.

## STANDARD OF REVIEW ON SUMMARY JUDGMENT

On a motion for summary judgment, the moving party will prevail if "there is no issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A party seeking summary judgment bears the burden of demonstrating that there is no genuine dispute as to any material fact. *American Viking Contractors, Inc. v. Scribner Equipment Co.*, 745 F.2d 1365, 1369 (11th Cir.1984). Once the moving party has sufficiently supported the motion, the party opposing summary judgment must come forward with significant probative evidence demonstrating the existence of a triable issue of fact. *Ferguson v. National Broadcasting Co.*, 584 F.2d 111, 114 (5th Cir.1978). The question for the court is "not whether there is literally no evidence, but whether there is any evidence upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed." *Anderson v. Liberty Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (quoting *Improvement Co. v. Munson*, 14 Wall 442, 448, 20 L.Ed. 867 (1872) (emphasis in original)).

The court may enter summary judgment against the non-moving party if he fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Failure to establish an essential element necessarily renders all other facts immaterial, leading to the conclusion that there is no genuine issue of material fact. *Id.* The moving party is then entitled to judgment as a matter of law because the opposing party has failed to establish as essential element with respect to which he or she has the burden of proof. *Id.*

The burdens of production and proof at trial in the present discrimination case would be generally governed by *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252–253, 101 S.Ct. 1089, 1093–1094, 67 L.Ed.2d 207 (1981). In that case the Supreme Court determined that the Plaintiff has the initial burden of proving a prima facie case of discrimination by a preponderance of the evidence. Further, the Court reasoned that if the Plaintiff successfully carries the initial burden, then the Plaintiff has successfully raised an inference of discrimination and the burden shifts to the Defendant to present evidence that the Plaintiff was terminated for a legitimate, nondiscriminatory reason. *Id.*

During the final stage of the trial, the Plaintiff would be required to prove by a preponderance of the evidence that the legitimate, nondiscriminatory reasons proffered by the Defendant were merely a "pretext for discrimination." *Id.* at 253, 101 S.Ct. at 1093.

## FACTUAL BACKGROUND

The Plaintiff alleges in this action that her employment was terminated in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*

Plaintiff began working for Mister Grocer as a convenience store clerk on January 7, 1977. In March of 1977, at the age of 44, she was promoted to store manager and she subsequently served as manager of several different Mister Grocer stores in the West Palm Beach area. On October 14, 1983, at the age of 51, she became a district manager supervising eight stores in the West Palm Beach area. In 1987, after being offered a demotion back to store manager, the Plaintiff's employment was terminated.

## PRIMA FACIE CASE OF DISCRIMINATION

As the *Burdine, supra,* Court noted, the Plaintiff carries the initial burden of rais-

ing an inference of discrimination by establishing a prima facie case of discrimination. Since this initial analysis could be dispositive of the motion, the court will logically address it first.

In order to establish a *prima facie* case of age discrimination under ADEA, a plaintiff must show:

(1) that the Plaintiff was between forty and seventy, and thus in the protected age group, (2) that Plaintiff was qualified to do the work, (3) that the employer discharged plaintiff, and (4) that the employer subsequently replaced plaintiff or sought a replacement.

*Rollins v. TechSouth, Inc.,* 833 F.2d 1525, 1528 (11th Cir.1987).[1]

Pursuant to the summary judgment standard, as outlined above, the moving party, here the Defendant, has the initial burden of showing that there is no genuine issue of material fact. Once the Defendant has shown that there is no issue of material fact, the summary judgment burden then shifts to the Plaintiff in this case to show significant probative evidence demonstrating the existence of a triable issue of a material fact.

■ In the initial analysis of the case at bar, the Defendant bears the burden of showing that there is no genuine issue of material fact regarding the existence of a prima facie case of discrimination. If the Defendant successfully carries this burden, then the summary judgment burden shifts to the Plaintiff to show that there is a genuine issue of material fact as to the existence of a prima facie case of discrimination.

### First and Second Elements of the Prima Facie Case

The court finds that the first element, that the employee was in the protected age range at the time of the discharge, is easily satisfied. The Plaintiff was approximately 55 years old when she ceased to work for the Defendant.

Additionally, the court finds that the fourth element, that the Plaintiff was replaced, is not in dispute in this case. Neither side disagrees that an employee was hired to perform the Plaintiff's former job as district manager. In other words, the loss of employment was certainly not due to the abolishment of the position the Plaintiff held.

The other two elements, however, first, that the Defendant actually discharged the Plaintiff and second that the Plaintiff was qualified to do her job, require more analysis.

### The Third Element: Was the Plaintiff Terminated?

■ As to the third element regarding whether the Plaintiff was discharged by the Defendant, the court finds that both sides agree to the *material* facts. The management, allegedly unhappy with the Plaintiff's job performance as district manager, offered the Plaintiff a store manager's job, with less responsibility, in any store she desired. *See* Affidavit of Robert Rawdon, General Manager, Mister Grocer, at 9; Affidavit of James Bruce, former Zone Manager for Palm Beach County Mister Grocer, at 8. The Plaintiff corroborated this fact in her deposition and relayed what occurred after she was offered to step down to a store manager's position:

'Well,' I said, I am not going to step down into a store manager's position after all these years ... So anyway ... he said, 'You have got to do it.' And I said, 'No I do not have to do it.' And I said, 'Are you going to fire me?'

Hamalainen Dep. at 113–114. The Plaintiff's deposition further shows that after she said she would not step down, she told a fellow employee, "I guess he's going to have to fire me." Hamalainen Dep. at 114.

In light of the facts presented to the court, the court must find, as a matter of fact, that the Plaintiff was terminated only

**1.** In so holding, the Eleventh Circuit adopted a slightly modified version of the original discrimination test set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

after she refused to step down to a store manager's position. Therefore, the court is not satisfied that the Plaintiff has met the third requirement of a prima facie discrimination case. On this matter, the Defendant has successfully met the summary judgment burden of showing no genuine issue of material fact and the Plaintiff has failed to rebut such showing.

However, since there can be no question that the Plaintiff was, in fact, subsequently terminated by the Defendant, for whatever reason, the court is hesitant to end its analysis at this point.

### The Fourth Element:
### Was the Plaintiff Qualified To Perform Her Job?

The Court finds that the Defendant has successfully demonstrated that the material issues regarding the fourth element of the prima facie case of discrimination are not factually in dispute.

First, the court is satisfied that the change in higher management at Mister Grocer raised the standard of expectations placed upon its employees. This change brought about a more scrutinizing review of the Plaintiff's job performance than under the old management.

■ In order to establish a prima facie case of discrimination, the Plaintiff must be able to demonstrate to the satisfaction of her employer and to this court that she was performing satisfactorily. *Kephart v. Institute of Gas Technology*, 630 F.2d 1217, 1220 (7th Cir.1980). Additionally, it has been held that a change in supervision which brings about a more critical approach toward an employee's work which results in dissatisfaction with the workproduct, is a legitimate reason for termination; as such, it does not constitute evidence of discrimination. *Baez v. American Cyanamid Co.*, 685 F.Supp. 303 (D.P.R.1988).

■ The Defendant has met the burden of showing that the Plaintiff's work product was unsatisfactory in several areas. First, Donald Gorenberg, president of the Defendant Company, has represented to

this court that he issued a written reprimand to the Plaintiff on July 30, 1986. *See generally*, Gorenberg Affidavit. Specifically, President Gorenberg noted that the Plaintiff's stores failed to follow the Company's policy that not more than $50.00 be kept in the register at any one time. In the letter of reprimand, the President cited three reports, each signed by the Plaintiff, in which she acknowledged that $126.52, $107.52, and $78.11 were in her store's cash registers when armed robberies had occurred. The Plaintiff was then warned that her failure to properly train and supervise managers and clerks in her stores "could result in disciplinary action, including the possibility of termination." *See* Gorenberg Affidavit at 2–3.

Additionally, the Plaintiff's immediate supervisors were not satisfied with her performance. *See generally*, Bruce Affidavit; Rawdon Affidavit. James Bruce found the Plaintiff's stores to be dirty and to contain improperly shelved stock. Additionally, he determined that she did not handle her employees well and her supervisory skills were lacking. He also determined that she was not providing proper training to the store managers working below her. Mr. Bruce also reported that the Plaintiff was not cooperative in implementing new ideas and changes. Finally, and perhaps most persuasive to the court, Bruce reports that the Plaintiff was not willing to accept that there were problems with her stores; her reluctance to admit the problems caused her to exhibit reluctance to correct the existing problems. *See* Bruce Affidavit at 3–5, 12.

Robert Rawdon expressed similar dissatisfaction with the Plaintiff's performance in her capacity as a District Manager. He reports that the Plaintiff failed to implement various Company-wide advertising and promotional strategies in her stores. Like Bruce, Rawdon personally observed that the Plaintiff's stores were not clean. *See* Rawdon Affidavit at 3–6.

In addition to the supervisors' dissatisfaction with the Plaintiff's job performance, the fact that the Plaintiff was not performing her job well is corroborated by

the statistics on improvement in sales and improvement in profit loss. *See generally,* both Affidavits of George Waldstein. The court will not detail the statistics here because, although the court finds them to be credible[2], these are not the primary facts from which this court has drawn a conclusion. They are mentioned merely to corroborate the facts offered by the Plaintiff's supervisors who were not satisfied with her job performance. The court finds that in every one of the 14 months preceding her termination, Plaintiff's stores produced lower sales than in the same month one year earlier. *See* Waldstein Affidavit at 9; *See generally,* Waldstein Second Affidavit.

In view of all of these facts, the court finds that the Defendant has met the initial burden under the standard of review for summary judgment. The Defendant has successfully shown that the Plaintiff has failed to raise a factual issue as to the fourth required element of a prima facie case of age discrimination: that she was performing her job satisfactorily.

■ For the following reasons, the Plaintiff, the non-moving party, failed to meet the shifted-burden of showing that there is a genuine issue of fact as to these above-stated issues. First, the Plaintiff offers her own opinion that she was qualified to competently handle the position of District manager. The law in this Circuit is clear that an employee's own opinion that his performance was satisfactory is not sufficient to create an issue of fact where his superiors feel otherwise. *Young v. General Foods,* 840 F.2d 825 (11th Cir.1988).

■ The Plaintiff also presented the affidavits of opinion of Kerry Stutz, a former supervisor, and Phillip Haney, a one-time co-worker, in support of her competency to perform her job as District Manager. The court finds that these affidavits are generally irrelevant since neither opinion was made at the time in issue in this case. Therefore, neither opinion creates an issue fact as to the time period in question in this case.

It should be noted that the court has viewed the presentation of facts in the light most favorable to the Plaintiff, the non-moving party in this case. However, even under the most favorable interpretation of these facts, the Plaintiff has failed to show that there is any issue of fact which could result in a successful suit against the Defendant. In discussing the Summary Judgment standard, the Supreme Court has said:

> [T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not sufficiently probative, summary judgment may be granted.

*Celotex Corp.,* 106 S.Ct. at 2553.

The court is satisfied that the Plaintiff has failed to rebut the evidence advanced in support of her termination (demotion).

Accordingly, it is

ORDERED and ADJUDGED that the Motion for Summary Judgment (DE 11) is hereby GRANTED. The clerk of the court is instructed to enter final judgment against the Plaintiff and in favor of the Defendant. Further, it is

ORDERED and ADJUDGED that the court does not find sufficient cause to award attorneys fees in this case and each party shall, therefore, bear its own fees and costs.

DONE and ORDERED.

---

2. The court acknowledges the Plaintiff's arguments that the statistics are incorrect. However, the court is satisfied with the Defendant's explanation offered in the affidavit of George Waldstein as to how the statistics are calculated, compiled, and reported.