## 134.  MARSHALL v. BAHNSEN.

1. In suits upon quantum meruit for the value of professional services, the question of what is reasonable is peculiarly within the province of the jury.
2. In such cases the plaintiff is entitled to recover the ordinary and reasonable charges usually made for such services by members of the same profession, of similar standing.  Proof of what the plaintiff charged another person for similar services is not admissible as evidence of the reasonableness of the charges in question.
3. " A surgeon suing for the value of professional services may show that his standing in the profession is high. "
4. Minor and immaterial errors in the admission · of testimony will not ordinarily require the granting of a new trial.
5. No error is found in any of the exceptions to the charge.

Complaint, from Macon superior court—Judge Littlejohn. January 8, 1906.

Argued February 26,—Decided March 22, 1907.

*J. E. Hall,* for plaintiff in error.

*Hooper & Dykes, Greer & Felton,* contra.

POWELL, J.  Bahnsen, a veterinary surgeon, residing at Americus, at the request of Dunn, the plaintiff in error's intestate, went to Bronwood, a distance of some thirty miles; and made an "examination for soundness" of two cars of mules, fifty-four head.  There was no express contract, and Bahnsen sued for the service at the rate of $5 per head. . Dunn denied the reasonableness of the charge made, and tendered $25 as being sufficient.  Less than a day's time was consumed in making the examination; however, it is fair to the plaintiff to say that the evidence showed that he was very expert in his line of work, and was able to make an examination and to form an intelligent opinion with a rapidity much greater than could be approached by a novice.  There was evidence that $5 per head was the usual and reasonable charge for such services; but also evidence that this charge was excessive.  The jury found for the plaintiff the full amount sued for.  In addition to the assignment of error that the verdict is contrary to the evidence, that are several other assignments, alleging errors committed during the course of the trial.

1. Of course, we have no jurisdiction to set aside the finding of a jury, approved by the trial judge, on a question so peculiarly within their province as that of the value of professional services.

$270 does seem to be a right heavy charge for a few hours work by what the folks colloquially call a "horse doctor," and what is styled with greater gentility a "veterinary surgeon;" but the law very wisely considers that juries know, very much better than judges, especially appellate judges, do, what is reasonable and just pay not only for "horse doctors," but also for all other classes of professional men: In such matters their finding, when approved by the trial judge, is final, and not reviewable upon the facts.

2. Exception is taken to the refusal of the court to allow the defendant to prove that he had charged another customer a smaller sum for services, which, though not identical in character with those sued for, consumed practically the same amount of his time. The true question in such cases, where there is no express contract, is, what is the ordinary and reasonable charge made for such services by members of similar standing in the same profession; but the reasonableness of the charge can not be established by showing what the plaintiff charged another person in a similar case. 9 Enc. Ev. 829. See also *Rome R. Co.* v. *Chattanooga, R. & C. R. Co.,* 94 *Ga.* 422 (3).

3. Objection is also made that the court allowed Dr. Anderson, another veterinary surgeon, to testify that he considered Dr. Bahnsen a competent surgeon, and that his opinion would be all right to rely on. "A physician or surgeon suing for the value of professional services may show that his standing in the profession is high." 9 Enc. Ev. 829.

4. Upon completing his examination, Dr. Bahnsen made a duplicate report or certificate showing the result of the examination. He kept one copy and gave Dunn one. At the trial he offered in evidence the copy retained by himself, without accounting for the absence of the copy delivered to Dunn. Objection was made that the evidence offered was secondary, and that the primary was not accounted for. The court admitted the document. We are not sure that this was not an original document, a duplicate, capable of being used as primary evidence, as well as the other copy; but since its connection with the issue was so remote and its effect so immaterial, we will dispose of the exception by placing it in the category of harmless error. The same disposition can be made of the exception complaining that the court permitted Dr. Bahnsen to testify that he never left Americus for less than five dollars;

this could not have hurt the defendant, for he tendered twenty-five dollars.

5. Complaint is made that the trial judge did not instruct the jury that the burden of proof was upon the plaintiff. The issue in this case did not involve the right of the plaintiff to recover; the defendant admitted that there should be a recovery of some amount; the sole inquiry was, how much? The court distinctly instructed the jury that this question should be determined by a preponderance of the testimony. In this we find no error. Exception is also taken to the following charge: "You have heard the testimony on the part of the witnesses as to the service that may have been rendered, and also the opinion of the witnesses as to the value of such service. In weighing and passing upon the value of the service, or the amount that would be a reasonable amount for such service, the jury are not bound absolutely by the opinion of the witnesses as to the value of the service; it is a matter they should take into consideration and weigh in settling that question; however, they are not bound by the opinion of witnesses." We do not deem the exception well taken. *Baker* v. *Richmond City Mill Works,* 105 *Ga.* 225.            *Judgment affirmed.*