### 32090. McNABB *v.* HARDEMAN.

DECIDED JULY 16, 1948.

*J. Kurt Holland, Matthews, Long & Moore,* for plaintiff.

*O. C. Hancock,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.) Since the verdict was directed for the defendant, the evidence must be construed in its light most favorable to the plaintiff, in order to determine if there is any to support a verdict for him.

The contract sued upon describes the property of the defendant that was to be sold by the plaintiff as follows: "All that tract of land in Fulton County, Georgia, being improved property consisting of a house and other buildings located on a lot on the north side of Allen Road, approximately 1000 feet west from Roswell Road. Size of lot approximately 100′ x 565′." The evidence shows without dispute that the defendant had some subdivided property near the intersection of Roswell Road and Allen Road in Fulton County; that the lot referred to by the contract was number 16 fronting 100 feet on Allen Road and extending back northward 565 feet, this being the lot on which the defendant's house is situated; that 9 feet of the garage extends over onto lot number 15, immediately west of lot number 16; that the well is on lot number 15, 8.2 feet west of lot number 16; that had the north and south boundary lines of lot number 16 been moved west 9 feet, or at least had the west boundary line been so moved, all the garage and the well would thereby have been taken into lot number 16, and that the defendant owns the land west of lot number 16. Although in conflict, there is evidence that would authorize the finding that the defendant represented to the plaintiff that both the whole of the garage and the well was on the same lot as his house, which is lot number 16.

The evidence is undisputed that the plaintiff found a buyer

who was ready, able and willing and who actually offered to buy on the terms stipulated by the owner, provided he could procure a G. I. loan on the property. When the question of the loan was up it was learned that the lending agency would not approve a loan on property on which no water supply was located. The well, it will be recalled, is 8.2 feet over on the adjoining west lot as is 9 feet of the garage. According to the undisputed evidence the reason the loan was not consummated was the inability of the lending agency to get a security deed from the prospective purchaser to a tract of land containing all the improvements; that is the house, the garage and the well.

There is no evidence that any such deed was ever demanded of the defendant. Mr. Head, the attorney for the bank said in effect that it was not a part of his duties to contact the prospective seller. Mr. Melton, agent for the plaintiff, said he was not sure whether or not he endeavored to negotiate a trade for an additional strip on the west side of the property. On the other hand, the defendant testified that he proposed to Mr. Melton that he would deed enough property on the west side to include all the garage without additional compensation, but that for an additional 20 feet he wanted $400 more. Nine feet would have included all the garage. Part of the garage extends farther west than the well, so that if all the garage was included, the deed would also include the well. On account of the well and the garage not being on the property, the loan was disapproved. According to the undisputed evidence this is no fault of the defendant. He offered to remedy it. There is no evidence that his offer was accepted. The contract is conditional upon the prospective purchaser being able to procure a G. I. loan. He failed to get it. His failure is not the fault of the defendant.

The plaintiff, therefore, has not produced a purchaser, ready, able and willing to buy, and who actually has offered to buy on the terms stipulated by the owner. His commissions are not earned. See Code, § 4-213; *Howard* v. *Sills,* 154 *Ga.* 430 (supra); *Waring* v. *Thompson,* 76 *Ga. App.* 494 (supra).

It was not improper for the trial court to direct a verdict for the defendant. The judgment overruling the motion for a new trial is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*