36684, 36685.   NOBLE *v.* HUNT; and *vice versa*.

DECIDED MAY 23, 1957.

*Oliver C. Hancock, Carl T. Hudgins,* for plaintiff in error.

*G. Seals Aiken, James A. Mackay,* contra.

NICHOLS, J. ■ The petition alleged that the defendant was indebted to the plaintiff for services rendered as a certified public accountant as shown by an exhibit attached to the petition, which exhibit was in part as follows: "Professional services rendered: Handling of tax case for the years 1942, 1943, 1944, 1945 and 1946, during period May, 1948 to April 26, 1951, in which fraud was alleged, before the Penal Division, Attorney

General's office, Southern Division Technical Staff and the Tax Court of the United States which resulted in elimination of prosecution for fraud and the ad valorem fraud penalty of $6,951.22—

$2,850.00

Paid—May 27, 1948                                                                                350.00

Balance Due.                                                                                $2,500.00"

This exhibit contained a sworn statement by the plaintiff that the same was a true and correct statement of the amount due him by the defendant for such services.

The petition was not subject to general demurrer, nor was it subject to special demurrer because it did not contain a bill of particulars inasmuch as the exhibit attached to such petition and quoted from above informs the defendant of the services for which the plaintiff is seeking recovery. "Unnecessarily minute and detailed statements are not required." *L. & N. R. Co.* v. *Barnwell*, 131 *Ga.* 791 (4) (63 S. E. 501). "It is enough to state the account with such fullness and specification as will confine the plaintiff to a particular cause of action, and fairly apprize the defendant of the character of the demand, so as to enable him to prepare his defense." *Henry Darling, Inc.* v. *Harvey-Given Co.*, 40 *Ga. App.* 771, 777 (151 S. E. 518). See also *Page* v. *Virginia-Carolina Chemical Co.*, 62 *Ga. App.* 727 (9 S. E. 2d 857).

■ The first special ground of the defendant's motion for new trial complains of the following excerpt from the court's charge: "The court charges you that the reasonable value of the services rendered, if not fixed by contract, would be of or the amount that is generally charged by certified public accountants for the same or like services in the same community and under the same or similar circumstances as exist in the case now on trial."

In *Marshall* v. *Bahnsen*, 1 *Ga. App.* 485, 486 (57 S. E. 1006), this court said, "The true question in such cases, where there is no express contract, is, what is the ordinary and reasonable charge made for such services by members of similar standing in the same profession." The excerpt complained of in the present case was not reversible error, for the charge given limited the plaintiff to the same recovery as would the rule stated in *Marshall* v. *Bahnsen*, supra.

■ Special ground 2 excepts to the following excerpt from the charge: "I don't believe there is any issue in this case, gentlemen, on the question as to the fact that Mr. Hunt is a duly qualified, legally licensed certified public accountant."

The defendant contends that under the pleadings the plaintiff had the burden to prove that he was a certified public accountant, and therefore this charge was reversible error.

The plaintiff alleged that he was a duly licensed certified public accountant, and the defendant, in his answer, alleged that he could neither admit nor deny this allegation of the petition as alleged. On the trial the plaintiff testified that he was a duly licensed certified public accountant, and there was no evidence to contradict this testimony. "Although the pleadings made an issue of this, the evidence demanded a finding that such were the facts, and in a case like that it was not an expression of opinion as to what had been proved. 'Where a fact is established by undisputed evidence, it is not error for the judge, in his charge to the jury, to assume or intimate that the fact has been proved.' *Dexter Banking Company* v. *McCook*, 7 *Ga. App.* 436 (1) (67 S. E. 113)." *Snellings* v. *Rickey*, 57 *Ga. App.* 836, 838 (197 S. E. 44). Therefore, this ground of the amended motion for new trial is without merit.

■ In the third special ground the defendant excepts to the italicized portion of the following excerpt from the court's charge: "Now, Gentlemen, what I have just read to you is the plea and answer filed by the defendant. Now, Gentlemen of the jury, the effect of the plea and answer filed by the defendant in this case is to put the burden of proof on the plaintiff, the party suing, to show to your satisfaction, by a preponderance of the evidence in the case, that the allegations he makes are true, except those allegations which are admitted by the defendant, and those that are admitted will be taken as true. The preponderance of the evidence means the greater weight of the evidence upon the issues involved, which, while not enough to wholly free the mind from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than another. In considering where the preponderance of the evidence may rest on any question that you have under con-

sideration, you may consider the number of witnesses, although the court instructs you that the preponderance of the evidence is not necessarily with the greater number. *The court further instructs you with respect to the burden of proof in this case, that when you come to the defendant's answer—that is his plea and answer, where you find an affirmative allegation made by him, then, with respect to those allegations, the burden of proof shifts to him, and it is necessary for him to substantiate those allegations by a preponderance of the evidence."*

The contention of the defendant is that the excerpt complained of placed the burden of proof on him to prove every allegation of his answer inasmuch as even the denial of the allegations of the plaintiff's petition were necessarily alleged as affirmative statements. The defendant relies on *Whitley* v. *Wilson,* 90 *Ga. App.* 16 (81 S. E. 2d 877) to support this contention. In that case, the trial court charged the jury: "However, Gentlemen of the jury, when you come to considering the plea and answer by the defendant with respect to the allegations in that plea and answer, then the burden shifts and it rests upon the defendant in those instances to prove those allegations by a preponderance of the evidence to the satisfaction of the minds of you gentlemen of the jury." Therefore, that case is, on its face, distinguishable from the present case since there the trial court merely referred to *the* allegations of the plea and answer, while here he refers to *the affirmative* allegations of the plea and answer.

Code § 38-103 provides: "The burden of proof generally lies upon the party asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential. If a negation or negative affirmation be so essential, the proof of such negative lies on the party so affirming it." Although the better practice would be to charge on an affirmative defense in the language of the above quoted Code section, the excerpt of the charge complained of, as here given, when considered in connection with the entire charge on the burden of proof and the preponderance of the evidence does not require a reversal of the judgment of the trial court denying the defndant's motion for new trial.

■ The plaintiff sought to recover on a quantum meruit basis for services rendered as a certified public accountant. He was not, as contended by the defendant, acting as an attorney at law. The mere fact that he held a "power of attorney" from the defendant authorizing him to act in the defendant's place would not imply that he was practicing law, as contended by the defendant, without a license. All the proceedings in which the defendant was involved, and in which the plaintiff *represented* him, were before either the U. S. Treasury Department or the Tax Court of the United States, both of which allow qualified persons, other than attorneys at law, to represent clients in proceedings therein. Therefore, the contention that the plaintiff was seeking to recover for services performed as an attorney at law without being licensed is without merit.

The verdict for the plaintiff was authorized by the evidence, and the trial court did not err in denying the defendant's motion for new trial on the usual general grounds.

■ The plaintiff, in his cross-bill of exceptions, contends that the trial court should have granted his motion for judgment non obstante veredicto in which motion the plaintiff contended he was entitled to interest from the date he completed the services for the defendant for which recovery was sought.

The plaintiff was seeking recovery on a quantum meruit basis and not for a liquidated demand, therefore Code §§ 57-110 and 57-111 are not applicable.

No Georgia case has been found expressly dealing with the date from which interest runs where the plaintiff is seeking to recover from the defendant for services rendered under quantum meruit, nor does there seem to be a great deal of foreign authority on this exact point. The case of Cox *v.* McLaughlin, 76 Cal. 60, 67 (18 Pac. 100, 9 Am. St. R. 164), reads in part as follows: "It may be stated, as a general principle, that interest is not allowed on unliquidated damages or demands. This term, 'unliquidated damages' applies equally to cases of tort, as slander, assault and battery, etc., and to cases upon a *quantum meruit,* for goods sold and delivered or services rendered. The reason of such denial of interest is said to be that the person liable does not know what sum he owes, and therefore can be in no default

for not paying. The damages in such cases are an uncertain quantity, depending upon no fixed standard, are referred to the wise discretion of a jury, and can never be made certain except by accord or verdict. As to such damages there can be no default, and hence the initial point at which to fix the starting of interest is wanting."

The defendant was not in default in the present case until the jury determined what amount, if any, he owed the plaintiff. The question as to the amount of liability was not one of law but one of fact which could only be decided by accord or by the jury. The defendant was not bound by a firm contract for a stated amount, nor was there, under the circumstances of this case, any formula by which the defendant could determine the amount of his liability. Therefore, the action was for an unliquidated amount and the interest did not begin to run until the verdict and judgment in the case, and this is true although the plaintiff filed an amendment to his petition which was unobjected to wherein he sought a recovery for interest from the date he completed his services for the defendant. Accordingly, it necessarily follows that the trial court did not err in sustaining the demurrer to the motion and in refusing to enter a judgment non obstante veredicto for the plaintiff as to the interest.

*Judgments affirmed on the main bill and the cross-bill of exceptions. Felton, C. J., and Quillian, J., concur.*