### 52593. MITCHELL & PICKERING v. LOUIS ISAACSON, INC.

MARSHALL, Judge.

  Appellant, Mitchell & Pickering, a firm of Certified Public Accountants (hereinafter Mitchell) brings this appeal from the grant of a directed verdict by the trial court in favor of the appellee, Louis Isaacson, Inc. (hereinafter Bernard, who was the principal officer of Isaacson).

  The facts giving rise to this litigation reflect that Mitchell entered into an oral contract with Bernard to furnish accounting services for Louis Isaacson, Inc. No set fee was established for bringing the corporate books into satisfactory condition. It was generally agreed that the fee would be based upon an hourly rate and that once the accounts were put into good condition and a new bookkeeper trained to keep the books in proper state, a monthly fee of $125 would be paid. Mitchell and some of his employees undertook the work on Bernard's books in April, 1974. This work continued for several months. Thereafter, a new bookkeeper was obtained and trained

by Mitchell on behalf of Bernard. Monthly and annual statements were prepared and the accounting procedures were changed from a cost basis to a retail basis. Also, the accounting year was changed to end on January 31 rather than June 30.

Mitchell testified that he billed Bernard less than the full value of the accounting services at first because he did not want to aggravate the client with excessive costs. The bills for April through June related to the catch-up work on the accounts. These bills were paid. Thereafter the additional services above delineated, among others, were performed. Though Bernard testified that she thought that, after the catch-up work was completed, she was to pay at a rate of $125 per month, she admitted that the work performed caused more than $125 to be due and owing. Therefore Bernard paid for services as she was billed for them. In February, 1974, Bernard admitted liability for a substantial bill and agreed to pay it off in four installments. She made three of those payments, leaving only $500 due on that bill. When additional bills were then tendered by Mitchell for additional accounting services which exceeded the $125 a month rate, Bernard declined to pay the final $500 as well as any further bills. Mitchell then brought suit seeking the full value of his services, including the additional charges for catch-up work previously billed and paid. The amount for which suit was brought equals the hourly rate for accounting services performed by Mitchell and two of his employees times the number of hours of work performed on behalf of Bernard. Mitchell placed before the court voluminous records establishing the number of hours worked and the nature of accounting duties performed. Mitchell also testified that he was a CPA of several years experience. He stated the reasonable value of his services and that these values were of a low average in the Atlanta area.

The trial court in directing a verdict for Bernard concluded that the only basis for a suit lay in quantum meruit and that there was no evidence establishing the reasonable value of accounting services in the community. Appellant enumerates three errors which will be dealt with seriatim. *Held:*

1. In his first enumeration of error, Mitchell

complains the trial court erred in concluding there was no evidentiary basis for determining damages founded in quantum meruit.

The basis of the court's position apparently is found in the case of *Noble v. Hunt,* 95 Ga. App. 804, 806 (2) (99 SE2d 345). In that case it was held that the reasonable value of services rendered, if not fixed by contract, would be the amount that is generally charged by certified public accountants for the same or like services in the same community and under the same or similar circumstances as exist in the case then on trial. The trial court acknowledged that Mitchell had testified as to his opinion of the reasonable values of the services rendered by his firm. But the court also concluded that there was no evidence of such services in the community apparently from other qualified public accountants.

The trial court misconceived the law in this regard. The cases are numerous dealing with the reasonable value of services rendered in cases involving quantum meruit. Many of these cases recognize the merit of having independent experts establish reasonable community values. See *Marshall v. Bahnsen,* 1 Ga. App. 485, 486 (57 SE 1006); *Deutsch v. Haas,* 55 Ga. App. 463, 468 (190 SE 637); *Buffington v. McClelland,* 130 Ga. App. 460, 464 (203 SE2d 575). However, none of these cases prohibits the plaintiff from expressing his opinion as to reasonable values within the community. In *Deutsch v. Haas,* 55 Ga. App. 463, supra, p. 469, it was expressly held that the court did not err in permitting the plaintiff Haas, an experienced and reputable attorney, to testify as to the quantum meruit value of his services. To the same effect, see *Kell v. Hunter,* 84 Ga. App. 792, 795 (4) (67 SE2d 597); *Walker v. Knox & Associates,* 132 Ga. App. 12, 15 (5) (207 SE2d 570).

In this case, Mitchell established his qualifications as an experienced certified public accountant in the Atlanta area. He set forth in great detail the services rendered. He then stated the value he placed upon these services and opined that the values were low average for the Atlanta area. This constituted evidence of the value of an accountant's services in the community. The weight of that evidence was for the jury. It follows that the trial

court erred in directing a verdict for Bernard.

2. In his second enumeration of error, Mitchell avers the trial court erred in granting a partial directed verdict in favor of Bernard. Though this partial directed verdict was incorporated into the general grant of a directed verdict at the end of the presentation of evidence, it was upon a different ground. At the conclusion of Mitchell's evidence, the court concluded that the evidence showed either that the alleged debts for services rendered in April, May, and June, 1974, had been satisfied by payment and no further debt existed or that there had been an accord and satisfaction. In any event, the court directed a verdict as to this portion of Mitchell's claim.

We conclude the trial court's action was erroneous. In order for there to be an accord and satisfaction, the parties, by a subsequent agreement, must have satisfied their original agreement, and the latter agreement must have been executed. The execution of a new agreement may itself amount to a satisfaction, where it is expressly agreed by the parties; and without such agreement, if the new promise is founded on a new consideration, in which case the taking of the consideration amounts to a satisfaction of the former contract. *Burgamy v. Holton,* 165 Ga. 384 (3), 396 (141 SE 42); *Ga. S. & F. R. Co. v. Blanchard,* 121 Ga. App. 82 (1) (173 SE2d 103); *Ford Motor Co. v. Lee,* 137 Ga. App. 486, 490 (224 SE2d 168). In this case there is no evidence of a subsequent agreement nor evidence of a new consideration.

As to the extinguishment of the debt for April — June, there remained a jury question of whether the bills which were paid represented full satisfaction of the indebtedness. This question arises out of the testimony of Mitchell that the bills for April—June were "on account" and did not represent the full value of the services, as well as the admission of Bernard that she had not fully extinguished the indebtedness owed to Mitchell. See *Buffington v. McClelland,* 130 Ga. App. 460, supra.

We conclude there was evidence, all of which must be construed most favorably toward the plaintiff, which made a factual issue to be passed upon by the jurors. The trial judge could not weigh the evidence, nor decide any issue of fact. Before he could legally direct a verdict for the

defendant, he had to find from the evidence that there was no evidence of any kind supporting plaintiff's position. *Montgomery v. Pacific &c. Co.,* 131 Ga. App. 712, 714 (206 SE2d 631); *Johnson v. Mann,* 132 Ga. App. 169 (207 SE2d 663); *Lathan v. Murrah, Inc.,* 121 Ga. App. 554 (174 SE2d 269); *McNabb v. Hardeman,* 77 Ga. App. 451 (49 SE2d 194). The evidence did not demand a verdict for Bernard; therefore the trial court erred in directing the verdict for her. *Sunset Villa, Inc. v. Mothner-Simowitz Ins. Agency,* 135 Ga. App. 706 (218 SE2d 463).

3. In his third enumeration of error, Mitchell maintains the trial court erred in failing to submit the issue of indebtedness on the theory of an open account. The trial court concluded as a matter of law that the only remedy available to Mitchell under the evidence was a claim under quantum meruit.

As held in Division 2 of this opinion, there remained a question of fact as to whether Mitchell intended by an amended billing to bill Bernard on an open account for the full value of his services. Bernard admitted a continuing indebtedness and in fact made partial payment upon bills submitted by Mitchell, though Bernard at trial contended she had paid in full.

Mitchell was permitted to cast his petition in two counts, one on the oral contract and one on quantum meruit. *Brannen v. Lanier,* 97 Ga. App. 30 (102 SE2d 96). See also *Kraft v. Rowland & Rowland,* 33 Ga. App. 806 (5) (128 SE 812). If Mitchell rendered and Bernard accepted services as Mitchell contended, there was an implied promise to pay the reasonable value thereof and the question of the value of Mitchell's services was one of fact for the sole determination of the jury. *McLaughlin v. Farmers Gin Co.,* 111 Ga. App. 89, 90 (2) (140 SE2d 492). We conclude there is merit in this enumeration of error.

*Judgment reversed. McMurray and Smith, JJ., concur.*

ARGUED SEPTEMBER 7, 1976 — DECIDED SEPTEMBER 30, 1976.

*Schwall & Heuett, Donald J. Goodman,* for appellant.

*Haas, Holland, Levison & Gibert, William R. King,* for appellee.