A02A1351. JONES v. CENIZA et al.
(572 SE2d 362)

JOHNSON, Presiding Judge.

Franklin Jones hired Ernest Brown and Olin Gibson to cut and remove trees from his property. While cutting Jones' timber, Brown and Gibson crossed the property line and cut trees on land belonging to Jones' neighbors, Silverio and Rose Ceniza. The Cenizas filed this action for conversion and trespass against Jones, Brown, and Gibson. The jury returned a verdict in favor of the Cenizas against Jones, Brown, and Gibson, and a verdict in favor of Brown and Gibson on their cross-claim against Jones. The trial court entered judgment on the verdict.

Jones appeals, claiming: (1) the judgment does not conform to the jury's verdict; (2) the evidence does not support a finding of joint

---

liability; (3) the trial court erred in failing to charge the jury that it should make a finding as to the liability of each individual defendant; (4) the trial court erred in awarding damages in favor of Brown and Gibson against Jones; and (5) the trial court erred in awarding attorney fees when the evidence did not support such an award. The arguments are without merit, so we affirm the judgment of the trial court.

On appeal, we are required to construe the evidence to support the jury's verdict.[1] So construed, the evidence adduced at trial shows the following.

The Cenizas bought four acres of land adjacent to Jones' property. When they returned from vacation, they discovered timber cutters and equipment at the rear of their property. Rose Ceniza thought that the loggers were cutting some of the Cenizas' trees, so she called Jones. She told him that she was concerned that the loggers were cutting trees on her property. Jones replied that the loggers were only cutting his trees. Rose Ceniza asked Jones to meet with her and to verify the property line. Jones insisted that the loggers were not cutting her trees and said he would meet with her later that day.

The same day, Silverio Ceniza approached one of the workers and told him to check the property line because he was close to the Cenizas' grass line. The worker ignored him and kept working. A short time later, Silverio Ceniza saw Jones talking to Gibson. Silverio Ceniza told Jones to check the line because he believed the workers were cutting the Cenizas' trees. Again, Jones denied that they were cutting the Cenizas' trees. The operation continued.

The next day, Brown and Gibson came to talk to the Cenizas and apologized for cutting their trees. Brown and Gibson told the Cenizas that Jones had pointed out the property line to Gibson and directed him as to where to cut. The loggers said they followed the property line Jones showed Gibson. Jones visited the logging site two to three times per day during the operation. It is undisputed that about 29 of the Cenizas' trees were cut.

The Cenizas, Brown, and Gibson informally agreed that the matter would be resolved if Brown and Gibson would clean up the debris, pull all tree stumps, pay the Cenizas for the trees removed, and replant the area wrongfully cut.

When several months passed without the agreed-upon conditions being fulfilled, the Cenizas sued Jones, Brown, and Gibson. In their complaint, the Cenizas alleged that Jones hired Brown and Gibson to cut timber from his land and that, acting upon Jones' instructions, the loggers cut across the property line onto the Cenizas' property, committing a trespass, converting the Cenizas' trees, and

---

[1] *City of Warner Robins v. Holt*, 220 Ga. App. 794 (470 SE2d 238) (1996).

causing a diminution in value of the Cenizas' property. The Cenizas also sought attorney fees, alleging that Jones, Brown, and Gibson were stubbornly litigious and caused them unnecessary trouble and expense.

Jones defended, claiming he did not participate in the cutting operation, and that he showed Gibson where the property line was and directed the loggers not to interfere with the neighbors' trees or property.

Brown and Gibson asserted a cross-claim against Jones, alleging that any trespass committed resulted from a good faith reliance upon information supplied by Jones as to the location of the property line and praying that in the event they were found liable, they should recover against Jones for all damages awarded against them.

The jury returned a verdict in favor of the Cenizas against all three defendants "together for $16,800 as general damages[,] $7,100 as attorney fees . . . then, for Gibson and Brown against Jones for $8,950.00 as damages." The verdict form also indicated that: "The jury has awarded Gibson & Brown the $8,950 on the cross-claim to offset their half of the total award. The jury ultimately intended Gibson and Brown to be responsible for $3,000 in damages out of pocket." The jury attached a signed note showing its method in calculating the damage awards.

1. Jones complains that the evidence does not support a finding of joint liability because Brown and Gibson were independent contractors, and Jones did not retain the right to control or direct their work nor the manner of executing the work. He urges that he showed them where the property line was, but that they disregarded his instructions. He claims he did not interfere with or ratify their negligent work. We hold that the evidence supports a finding of joint liability.

An employer is liable for the negligence of an independent contractor if he ratifies the unauthorized wrong of the independent contractor.[2] Here, there was evidence that Jones pointed out an erroneous property line; that misdirection could have caused the encroachment. And, as soon as the Cenizas saw that Brown and Gibson were cutting trees on the Cenizas' property, they called Jones and told him. Jones, who "kept a pretty close eye on the cutting operation" and visited the job site two to three times each day, was on notice that there was a problem. Yet, he permitted Brown and Gibson to continue cutting the trees from the Cenizas' property for several days. Furthermore, Jones accepted and retained payment from Brown and Gibson

---

[2] OCGA § 51-2-5 (6); see *Wilmock, Inc. v. French*, 185 Ga. App. 259, 261 (1) (363 SE2d 789) (1987).

for the timber wrongfully cut from the Cenizas' land. Thus, there was evidence that Jones ratified the wrongful conduct of Brown and Gibson. The finding of joint liability was supported by the record.

2. Jones contends that Brown and Gibson cannot recover from him on their cross-claim because he gave them correct instructions which they did not follow. However, as discussed in Division 1, there was evidence that Jones pointed out an incorrect property line and that this improper information precipitated the trespass upon and timber cutting from the Cenizas' property. And there was evidence that Jones did not tell the workers they were trespassing or attempt to stop them, even though he had been put on notice of the encroachment by the Cenizas. The jury may have found that Brown's and Gibson's liability could have been lessened had Jones told them to stop cutting timber until the matter was resolved. The jury was authorized to award Brown and Gibson damages on their cross-claim.[3]

3. Jones contends the judgment does not conform to the verdict because the jury's verdict form indicates that the jury intended that Brown and Gibson would be responsible for $3,000 of the damages. However, he argues, the judgment does not account for this, as it makes all three jointly liable for the entire $23,900. This argument presents no grounds for reversal.

The final judgment indicates that the Cenizas would recover from Jones, Brown, and Gibson $16,800 general damages and $7,100 attorney fees, and that Brown and Gibson would recover from Jones $8,950 on their cross-claim. This is consistent with the jury's verdict form and the calculations shown on the attachment thereto, as well as with the intentions expressed by the jury.

4. Jones claims the trial court erred in failing to give requested jury charge nos. 9 and 10. There was no error.

Request to charge no. 9 provided that the jurors should apportion any award of damages among the persons who are liable according to the degree of fault, with no joint liability and no right of contribution. In his request to charge, Jones cited OCGA § 51-12-33 as authority, though much of the charge requested is not supported by that statute.

Request to charge no. 10 repeated many of the same principles as request to charge no. 9 regarding apportionment, joint liability, and contribution and included numerous principles not applicable given the facts of this case (namely, that apportionment is proper where the plaintiff is to some degree responsible for the damages claimed). No authority was given for that requested charge, but it,

---

[3] See OCGA § 9-11-13 (g); see generally *Tenneco Oil Co. v. Templin*, 201 Ga. App. 30, 34 (2) (410 SE2d 154) (1991).

like request to charge no. 10, appears to be based on OCGA § 51-12-33.

If any portion of a requested charge is inapt, incorrect, misleading, confusing, not adequately adjusted or tailored to, or not reasonably raised or authorized by the evidence, denial of the charge request is proper.[4] The charges at issue are confusing and incomplete statements of the law which are not authorized by the evidence. Accordingly, the trial court did not err in refusing to give the charges.

5. Jones argues that there is no evidence to support an award of attorney fees. We disagree.

OCGA § 13-6-11 allows an award of attorney fees where a party was stubbornly litigious or caused another party unnecessary trouble and expense.[5] Jones failed to stop the trespass and tree cutting by Brown and Gibson, even after the Cenizas requested that he do so. Jones also received payment for the trees cut from the Cenizas' property, but did not offer to give the money to the Cenizas. And, Jones failed to avail himself of an opportunity to resolve the matter before suit was filed. Questions concerning bad faith, stubborn litigiousness, and unnecessary trouble and expense under OCGA § 13-6-11 are generally questions for the jury to decide.[6] An award of fees was authorized by the evidence.[7]

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED OCTOBER 9, 2002.

*Walter E. Baker*, for appellant.
*W. Dennis Mullis*, for appellees.

---

[4] *Stinson v. Allstate Ins. Co.*, 212 Ga. App. 179, 182 (2) (a) (441 SE2d 453) (1994).

[5] See *Rossee Oil Co. v. BellSouth Telecommunications*, 212 Ga. App. 235 (441 SE2d 464) (1994); *Jones v. Spindel*, 122 Ga. App. 390 (177 SE2d 187) (1970) (Code section applicable in certain tort as well as contract actions).

[6] See *Buckley v. Turner Heritage Homes*, 248 Ga. App. 793, 796-797 (5) (547 SE2d 373) (2001).

[7] See *Southern R. Co. v. Crowe*, 186 Ga. App. 244, 247-248 (2) (366 SE2d 846) (1988).