## A03A0740. PATTON v. TURNAGE.
(580 SE2d 604)

BLACKBURN, Presiding Judge.

Following a jury's determination that he was required to pay Kirby Turnage $42,199.84 in unpaid fees and expenses for prior legal representation, $9,424.89 in pre-judgment interest, and $6,329.98 in OCGA § 13-6-11 attorney fees for stubborn litigiousness, Matthew

Patton appeals, contending that the trial court erred by: (1) dismissing his counterclaim in which he sought damages allegedly resulting from Turnage's court-approved withdrawal as his attorney shortly before trial of Patton's pending divorce case; (2) denying his motion for a directed verdict with regard to the imposition of OCGA § 13-6-11 attorney fees; and (3) denying his motion for a directed verdict with regard to the award of pre-judgment interest on a commercial account. Patton does not appeal the jury's award of $42,199.84 for unpaid fees. For the reasons set forth below, we affirm the trial court's rulings regarding Patton's counterclaim and the award of pre-judgment interest, and we reverse the award of attorney fees under OCGA § 13-6-11.

Viewed in the light most favorable to the jury's verdict, the record shows that, in 1994, Patton hired Turnage to represent him in a divorce action, with Patton, a lawyer himself, acting as co-counsel. Turnage's representation of Patton continued until August 1996, when Turnage petitioned the trial court to withdraw from the case. Turnage maintained that the philosophy of Patton about the handling of the case was incompatible with his own. Turnage's motion to withdraw was filed on August 21, 1996, less than one month before the divorce trial was scheduled to begin on September 16, 1996. After a hearing, the trial court granted Turnage's request for withdrawal. Patton voiced no opposition to the motion and did not appeal the ruling.

At the time of the withdrawal, Turnage's outstanding bill for representing Patton was almost $40,000. Although Turnage sent Patton monthly statements, the bill remained unpaid, and, on May 24, 1999, Turnage filed suit for the unpaid balance. On August 14, 2001, the trial court granted partial summary judgment to Turnage, finding that Patton was liable to Turnage for unpaid fees and expenses and ordered that the matter be set for trial with regard to damages. After the trial, the jury awarded Turnage $42,199.84 for prior expenses and legal representation, $9,424.89 in interest, and $6,329.98 in OCGA § 13-6-11 attorney fees for stubborn litigiousness.

1. Patton contends that the trial court erred in denying his counterclaim against Turnage, arguing that Turnage damaged him by withdrawing as his counsel one month before his divorce trial, thereby causing him to expend thousands of dollars in additional expense to hire a new attorney at the last moment. We disagree.

Pretermitting the applicability of OCGA § 9-11-9.1 [to Patton's counterclaim], we note that both the rules governing practice before our state and federal courts and also the Canons of Ethics for attorneys contemplate that attorneys may petition for and be permitted to withdraw from

representation under certain circumstances. See Uniform Superior Court Rule 4.3; Ethical Consideration 2-32; Directory Rule 2-110. We are aware of no case which holds that attorney withdrawal with court permission and in accordance with the applicable rules can constitute legal malpractice. Here, appellant [failed to voice any opposition whatsoever to his attorney's withdrawal at the hearing held before the trial court]. The [trial] court found that the requirements had been met and authorized appellee's withdrawal. As appellant acquiesced in that ruling and does not allege that it has been challenged or reversed on appeal, we will not question the correctness of that ruling here. Accord *Sanders v. S. D. Leasing*.[1] Since a court of law examined the circumstances, made findings of fact, and permitted appellee's withdrawal, we hold that appellant's allegations set forth no facts that could be construed to entitle him to relief.

*Washington v. Rucker.*[2]

To the extent that Patton believed that Turnage's withdrawal was improper, he was required to voice his opposition at the time that withdrawal was sought. If he believed that Turnage's withdrawal was going to cause him the sort of irreparable harm of which he now complains, he should have raised these issues with the trial court during the withdrawal procedure. Because he acquiesced in the trial court's ruling on Turnage's withdrawal, he is barred from collaterally attacking that same ruling by way of his counterclaim. *Rucker*, supra. The trial court did not err in dismissing Patton's counterclaim.

2. Patton contends that the trial court erred in denying his motion for a directed verdict with regard to Turnage's claim for attorney fees pursuant to OCGA § 13-6-11.

"The standard of review of a trial court's denial of a motion for a directed verdict is the 'any evidence' standard, and the evidence is construed most favorably toward the party opposing the motion." *State Farm &c. Ins. Co. v. Drury*.[3] Accordingly, this standard of review requires Patton "to show that there was no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demanded the verdict sought." (Punctuation omitted.) *Grange Mut. Cas. Co. v. DeMoonie*.[4]

The record shows that Turnage sought an award of OCGA § 13-6-11 attorney fees against Patton, contending that Patton had been

---

[1] *Sanders v. S. D. Leasing*, 189 Ga. App. 409, 410 (1) (376 SE2d 420) (1988).
[2] *Washington v. Rucker*, 202 Ga. App. 888, 889 (415 SE2d 919) (1992).
[3] *State Farm &c. Ins. Co. v. Drury*, 222 Ga. App. 196, 197 (1) (474 SE2d 64) (1996).
[4] *Grange Mut. Cas. Co. v. DeMoonie*, 227 Ga. App. 812 (3) (490 SE2d 451) (1997).

stubbornly litigious and had caused him unnecessary trouble and expense in collecting his past due fees.

> OCGA § 13-6-11 allows recovery of attorney fees if the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. It is only necessary to the plaintiff's recovery that he show any one of these three conditions exists. Further, an award of attorney fees under OCGA § 13-6-11 is to be affirmed if there is any evidence to support it.

(Punctuation omitted.) *City of Gainesville v. Waters*.[5] In addition, "[q]uestions concerning bad faith, stubborn litigiousness, and unnecessary trouble and expense under OCGA § 13-6-11 are generally questions for the jury to decide." *Jones v. Ceniza*.[6]

> OCGA § 13-6-11 allows attorney fees where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. . . . As to whether the defendant was stubbornly litigious or caused the plaintiff unnecessary trouble and expense, mere refusal to pay a disputed claim, without suit is not sufficient to award attorney fees. The key to the test is whether there is a bona fide controversy. Where none exists, forcing a plaintiff to resort to the courts in order to collect is plainly causing him to go to unnecessary trouble and expense. However, recovery of attorney fees for stubborn litigiousness is not authorized where there is a bona fide controversy.

*Owens v. McGee & Oxford*.[7]

Based on the record, there was sufficient evidence on which the jury could conclude that Patton had been stubbornly litigious. Although Turnage had been sending Patton bills for a number of years, Patton never questioned them until after Turnage had brought suit. And, even during trial, Patton testified: "I didn't think that I had to explain to Mr. Turnage how a client would feel if they are abandoned like that. *That was my primary grievance with Mr. Turnage. Not the fact that he might have overcharged five hours or six hours, if he did, but the fact that I was abandoned.* That was my beef with Mr. Turnage." (Emphasis supplied.) Therefore, Patton admitted

---

[5] *City of Gainesville v. Waters*, 258 Ga. App. 555, 559 (4) (574 SE2d 638) (2002).
[6] *Jones v. Ceniza*, 257 Ga. App. 806, 810 (5) (572 SE2d 362) (2002).
[7] *Owens v. McGee & Oxford*, 238 Ga. App. 497, 499-500 (1) (d) (518 SE2d 699) (1999).

that his issues with Turnage were centered not on the amount of Turnage's bill, but the fact that Turnage had abandoned him prior to trial. On the basis of this testimony, the jury was authorized to determine that Patton had been stubbornly litigious in failing to pay his bill, which he never truly disputed.

There was insufficient evidence to establish the value and reasonableness of the fees which Turnage had agreed to pay his attorney.

> An attorney cannot recover for professional services without proof of their value. Generally, a party will proffer the opinion testimony of his present counsel as well as that of other attorneys in an effort to show what constitutes a reasonable attorney fee in light of the litigation history of the case. A party's testimony as to the approximate cost of legal fees is insufficient.

(Citations and punctuation omitted.) *First Bank of Clayton County v. Dollar.*[8]

In this case, the only evidence regarding the attorney fees incurred by Turnage was provided during Turnage's direct examination during trial. Turnage testified only that he had a 15 percent contingency fee arrangement with his attorney and that he believed that fee was reasonable. No testimony, however, was given to support these conclusions.

> It is well-settled that an award of attorney fees is to be determined upon evidence of the reasonable value of the professional services which underlie the claim for attorney fees. See *Rivergate Corp. v. BCCP Enterprises.*[9] A court may consider a contingent fee agreement and the amount it would have generated as evidence of usual and customary fees in determining both the reasonableness and the amount of an award of attorney fees. See *Walther v. Multicraft Constr. Co.*[10]

*Southern Cellular Telecom v. Banks.*[11] Here, however, there was no evidence provided that the 15 percent contingency fee was either a usual or customary fee for such case. In addition, there was no testimony which would show that the contingency fee was a valid indica-

---

[8] *First Bank of Clayton County v. Dollar*, 159 Ga. App. 815, 817 (4) (285 SE2d 203) (1981).

[9] *Rivergate Corp. v. BCCP Enterprises*, 198 Ga. App. 761, 762 (403 SE2d 65) (1991).

[10] *Walther v. Multicraft Constr. Co.*, 205 Ga. App. 815, 816 (3) (423 SE2d 725) (1992).

[11] *Southern Cellular Telecom v. Banks*, 209 Ga. App. 401, 403 (1) (433 SE2d 606) (1993).

tor of the value of the professional services rendered. The trial court erred in denying Patton's motion for directed verdict on this issue, and we must reverse the award of attorney fees under OCGA § 13-6-11.

3. Patton contends that the trial court erred by denying his motion for a directed verdict with regard to pre-judgment interest, contending that the amounts claimed by Turnage on commercial account were unliquidated. Again, we must review the trial court's denial of Patton's motion for a directed verdict using the "any evidence" standard. *Drury*, supra.

> Commercial account "means an obligation for the payment of money arising out of a transaction to sell or furnish, or the sale of, or furnishing of, goods or services." OCGA § 7-4-16. "An action on open account is a simplified pleading procedure where a party can recover what he was justly and equitably entitled to without regard to a special agreement to pay such amount for goods or services as they were reasonably worth when there exists no dispute as to the amount due or the goods or services received. An action on open account may be brought for materials furnished and work performed. However, if there is a dispute as to assent to the services or to acceptance of the work done or as to what work was to be performed and the cost, then an action on open account is not a proper procedure." (Citations omitted.) *Watson v. Sierra Contracting Corp.*[12] Furthermore, in the absence of a liquidated demand, OCGA § 7-4-16 is inapplicable. See *Noble v. Hunt.*[13] "A debt is liquidated when it is certain how much is due and when it is due." (Emphasis omitted.) *Continental Carriers v. Seaboard Coast Line R. Co.*[14] "A liquidated claim is an amount certain and fixed, either by the act and agreement of the parties or by operation of law; a sum which cannot be changed by the proof." (Punctuation omitted.) *Dept. of Transp. v. Dalton Paving &c.*[15]

(Emphasis omitted.) *Wheat Enterprises v. Redi-Floors.*[16]

---

[12] *Watson v. Sierra Contracting Corp.*, 226 Ga. App. 21, 27 (b) (485 SE2d 563) (1997).

[13] *Noble v. Hunt*, 95 Ga. App. 804, 809-810 (6) (99 SE2d 345) (1957).

[14] *Continental Carriers v. Seaboard Coast Line R. Co.*, 129 Ga. App. 889, 890 (2) (201 SE2d 826) (1973).

[15] *Dept. of Transp. v. Dalton Paving &c.*, 227 Ga. App. 207, 219 (6) (b) (489 SE2d 329) (1997).

[16] *Wheat Enterprises v. Redi-Floors*, 231 Ga. App. 853, 855-856 (1) (b) (501 SE2d 30) (1998).

Construing the evidence in Turnage's favor, the record shows that, contrary to his contentions otherwise, Patton's grievance against Turnage related to Turnage's withdrawal, not the amount of his bill. Patton did not testify that Turnage had, in fact, overcharged him. As such, Patton offered no *proof* of any sort that the amount charged in Turnage's bills was not due and payable. Under these circumstances, we cannot say that the trial court erred in determining that the fees requested by Turnage were liquidated and subject to pre-judgment interest. Compare *Lipton v. Warner, Mayoue &c., P.C.*[17] (where ex-client failed to dispute past due attorney fees with any certainty, trial judge properly granted summary judgment to attorney for past due fees and pre-judgment interest). The trial court did not err in allowing pre-judgment interest.

*Judgment affirmed in part and reversed in part. Ellington and Phipps, JJ., concur.*

DECIDED MARCH 20, 2003 —
RECONSIDERATION DENIED APRIL 7, 2003.

*Jones, Jensen & Harris, Taylor W. Jones*, for appellant.
*Scroggins & Williamson, James R. Marshall*, for appellee.

---

[17] *Lipton v. Warner, Mayoue &c., P.C.*, 228 Ga. App. 516, 517 (1) (492 SE2d 281) (1997).
[1] *Jordan v. Tri County Ag*, 248 Ga. App. 661 (546 SE2d 528) (2001).