**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 4, 2019**

# In the Court of Appeals of Georgia

A19A1274. RIVERWOOD HOMEOWNERS ASSOCIATION. INC.
    v. JONES.

COOMER, Judge.

Pursuant to our grant of a discretionary appeal, Riverwood Homeowners Association, Inc. (the "Association") appeals the trial court's order denying its request for attorney fees under the terms of a declaration, and reversing a previous award of attorney fees under OCGA § 13-6-11. For the reasons that follow, we affirm.

On November 6, 2000, Riverwood Development, Inc. (the "Developer") filed a Declaration of Covenants, Conditions, Restrictions and Easements ("the Declaration"), which provided that the Association had been established for the purpose of exercising certain functions, including "administering and enforcing the

covenants and restrictions . . . ." The Declaration also created the Architectural Control Committee, ("ARC") which referred to

> [the Developer] or such other individuals or entities as Developer may appoint, until all lots in Riverwood shall have been fully developed and permanent improvements constructed thereon and sold to permanent residents; at which time such terms shall mean and refer to those persons selected annually by the owners in compliance with the bylaws of the Association to serve as members of said committee.

> As relevant to this appeal, the Declaration provides that:

> If any Structure shall be erected, placed, maintained or altered upon any Lot, otherwise than in accordance with the plans and specifications approved by the Architectural Control Committee pursuant to the provisions of this Article, such erection, placement, maintenance or alteration shall be deemed to have been undertaken in violation of this Article and without the approval required herein.

The term Structure includes "any thing or object, the placement of which upon any Lot may affect the appearance of such Lot . . . ." The Declaration further requires that: "Fences must be constructed of material approved by the Architectural Control Committee. The location and design of the fence and any walls must be approved by the Architectural Control Committee."

2

Jonathan Jones owns property subject to the terms of the Declaration ("the property").[1] In March 2016, Jones submitted plans to the ARC for construction of a retaining wall in the front yard of the property. The ARC denied that request. In April 2016, Brent Bishop resubmitted proposed plans to build the retaining wall. In response, Bishop received an e-mail, ("the e-mail") which in pertinent part, stated:

> The Riverwood ARC has reviewed your proposal and cannot issue a determination yet because your proposal does not meet the criteria for a landscape modification proposal as outlined in the Riverwood Covenants. Please submit a plan that shows all of the modifications you intend to make instead of pictures of the existing landscape with notes describing the modifications. The plan must be a true landscape design plan with pictures of the materials you intend to use for the modifications. The plan you recently submitted contradicts the notes you submitted with the existing plan. Please re-submit a plan which complies with the Covenants.

On July 1, 2016, Jones proceeded to construct the retaining wall. Jones maintained at trial that he believed the Association had approved the construction of

---

[1] While seeking approval for the retaining wall, Jones was also in the process of purchasing the property from Brent Bishop. Bishop also submitted proposals for the wall and communicated with the Association and the ARC on Jones's behalf.

the wall because the e-mail did not explicitly deny the proposal, but rather stated that the ARC "[could not] issue a determination yet." And, under Article II, Section 6 of the Declaration,"[f]ailure by the [ARC] to take action within forty-five (45) days of the receipt of plans and specifications submitted for approval shall be deemed final approval of such plans and specifications." The Association, however, treated its e-mail as a denial of Jones's proposal, and then sent Jones a written notice asking him to cure the violations of the Declaration.

On May 1, 2017, the Association filed a complaint for injunctive relief, requesting that the trial court issue a permanent injunction requiring Jones to comply with the terms of the Declaration by "removing the unapproved wall and restore the Property to its previous condition[.]" The Association further requested attorney fees pursuant to the terms of the Declaration, as well as under OCGA § 13-6-11.

Following a bench trial, the trial court entered a final judgment, finding "that it would be unjust to require [Jones] to remove the keystone concrete block retaining wall in the front yard of [the property] in its entirety." Thus, the trial court ordered Jones to "resurface the entire visible (from any angle) exterior surface of the existing concrete block retaining wall with an attached decorative finish" within 30 days of the court's order. The court, however, concluded that Jones had been "stubbornly

4

litigious in all attempts to resolve this matter," and therefore, awarded the Association $6,850.00 in attorney fees under OCGA § 13-6-11. The trial court did not address the Association's request for attorney fees pursuant to the terms of the Declaration.

Jones filed a motion for reconsideration or, in the alternative, motion for new trial, seeking the reversal of the award of attorney fees under OCGA § 13-6-11. The Association also filed a motion to amend final judgment, renewing its request for attorney fees under the Declaration. Following a hearing, the trial court vacated its previous ruling with respect to its finding of stubborn litigiousness on the part of Jones, as well as the award of attorney fees under OCGA § 13-6-11. The trial court also declined to award the Association attorney fees under the terms of the Declaration. The Association then filed a discretionary appeal application, which we granted. It now contests the trial court's failure to award attorney fees.

1. The Association asserts that the trial court erred by reversing its prior grant of attorney fees pursuant to OCGA § 13-6-11. We disagree. OCGA § 13-6-11 allows recovery of attorney fees if "the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." It is only necessary for recovery that the plaintiff show any one of these three conditions exists. *Allen v. Brackett*, 165 Ga. App. 415, 421 (3) (301 SE2d 486) (1983). "Further, an

award of attorney fees under OCGA § 13-6-11 is to be affirmed if there is any evidence to support it." *City of Gainesville v. Waters*, 258 Ga. App. 555, 559 (4) (574 SE2d 638) (2002) (citation and punctuation omitted). "Questions concerning bad faith, stubborn litigiousness, and unnecessary trouble and expense under OCGA § 13-6-11 are generally questions for the [factfinder] to decide." *Jones v. Ceniza*, 257 Ga. App. 806, 810 (5) (572 SE2d 362) (2002) (footnote omitted).

In his motion for reconsideration or, in the alternative, for a new trial, Jones argued in pertinent part that "[u]nder Georgia law, a recovery of attorney fees under OCGA § 13-6-11 for stubborn litigiousness is not authorized where there is a bona fide controversy between the parties on a breach of contract claim, even where a controversy is decided adversely to a party." Jones therefore urged the trial court to reconsider the award of attorney fees and expenses under OCGA § 13-6-11 for stubborn litigiousness as a genuine dispute existed between the parties.

In its order on the motion for reconsideration, the trial court found that "a genuine dispute existed between the parties as to the clarity and meaning of certain

communications between the parties . . . .”[2] We find that the record supports this

conclusion. In its final judgment, the trial court found that

> [w]hile it is true that [the e-mail] does not specifically deny the proposal,
> it does address the proposal and indicates that the proposal as submitted
> is insufficient for approval. It would have been clearer for the
> Riverwood ARC to deny the proposal outright rather than state they
> could not issue a determination. This lack of definitive clarity is why
> this Court is not wholly unsympathetic to Defendant's situation even
> though it ultimately disagrees with Defendant's position that *no* action
> was taken by the ARC in response to his last submitted proposal.

(emphasis in original).

Moreover, our examination of the record reveals that the fundamental issue at

trial between the parties was the import and effect of the e-mail. The Association

maintained that the e-mail constituted a denial of Jones's proposal; Jones argued that

he was permitted to build the wall because the ARC took no action. Accordingly, the

---

[2] The court also apparently denied attorney fees because the relief granted varied from the relief sought by the Association. The Association argues that it was improper to deny attorney fees on that basis. In light of our determination that the trial court correctly denied attorney fees because a genuine dispute of fact existed as to the meaning of the e-mail, we need not reach this question.

trial court did not err in finding that a bona fide controversy existed between the parties, and denying attorney fees on that basis. See *Steel Magnolias Realty, LLC v. Bleakley*, 276 Ga. App. 155, 157 (2) (622 SE2d 481) (2005) ("A recovery of attorney fees under OCGA § 13-6-11 for stubborn litigiousness or for causing the plaintiff unnecessary trouble and expense is authorized where the evidence reveals no bona fide controversy or dispute with regard to the defendant's liability." (citations omitted)).

2. The Association next argues that the trial court erred by denying its request for attorney fees under the terms of the Declaration. "The declaration of a homeowner's association is considered a contract." *SAWS at Seven Hills, LLC v. Forestar Realty*, 342 Ga. App. 780, 784 (1) (805 SE2d 270) (2017) (citation and punctuation omitted). To construe the Declaration, we apply the normal rules of contract construction and our application of those rules is de novo. See *Crabapple Lake Parc Community Assn. v. Circeo*, 325 Ga. App. 101, 104-105 (1) (a) (751 SE2d 866) (2013).

> The cardinal rule of construction is to ascertain the intent of the parties. Where the contract terms are clear and unambiguous, the court will look to that alone to find the true intent of the parties. To determine the intent of the parties, all the contract terms must be considered together in

8

arriving at the construction of any part, and a construction upholding the contract in whole and every part is preferred. When the language employed by the parties in their contract is plain, unambiguous, and capable of only one reasonable interpretation the language used must be afforded its literal meaning and plain ordinary words given their usual significance.

*Id.* at 105 (1) (a) (citation and punctuation omitted). The Declaration in this case pertinently provides that if the ARC concludes that a homeowner has erected an illegal structure, such as a retaining wall, without the required approval, it:

shall be entitled and empowered to enjoin or remove any such construction. Any costs and expenses (including but not limited to attorney's fees, court costs, filing fees, and interest) *incurred by the ARC* in enjoining and/or removing any construction or improvements shall be added to and become a part of the assessment to which the Owner and his Lot are subject.

(emphasis supplied).

The Association argues that merely because it had the right to enjoin the construction of Jones's wall that it satisfied the requirement for an award of attorney fees under the Declarations. Jones counters that under the express terms of the Declaration, only expenses incurred by the ARC, and not the Association, would be recoverable. At trial, a witness testified that the ARC is "part of [the Association]."

9

. At no point, however, did the trial court address the nature of the relationship between the two entities, but rather, concluded that "[u]pon additional review of the entire record the Court again declines to award attorney's fees to [the Association] pursuant to [the Declaration]."

Regardless of the nature of the relationship between the Association and the ARC, the Association failed to present any evidence that the ARC incurred any costs or expenses (including attorney fees) in this action.

> [A party] cannot recover for professional services without proof of their value. Generally, a party will proffer the opinion testimony of his present counsel as well as that of other attorneys in an effort to show what constitutes a reasonable attorney fee in light of the litigation history of the case. An award of attorney fees is unauthorized if appellee failed to prove the actual costs of the attorney and the reasonableness of those costs.

*Fiat Auto U.S.A., Inc. v. Hollums*, 185 Ga. App. 113, 116 (5) (363 SE2d 312) (1987) (citations and punctuation omitted).

Here, current counsel for the Association testified that each month he sent a bill to his client that summarized his time spent and the amount charged for each transaction in this case. He further testified that he sent the bills to Riverwood Homeowners Association, but that he did not know who paid the bill or "what

account the check was written on." Jones is correct that under the terms of the Declaration, he would only be liable for paying attorney fees incurred by the ARC. Because no evidence was presented that showed that the ARC incurred costs, per the plain language of the Declaration, Jones is not required to pay any attorney fees. Accordingly, the trial court did not err in failing to award attorney fees under the terms of the Declaration.

*Judgment affirmed. Doyle, P. J., and Markle, J., concur.*